UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JEROME MATTHEWS,

        Petitioner,

v.

SHIRLEE HARRY,

        Respondent.

_____/

Case No. 1:18-cv-357

Honorable Janet T. Neff

## **OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust available state-court remedies with respect to all of his claims. Accordingly, Petitioner must show cause why he is entitled to a stay of these proceedings while he exhausts his unexhausted claim in the state courts or, alternatively, the Court will proceed with the petition but will only consider Petitioner's exhausted claims.

## Discussion

I. Factual allegations

Petitioner Jerome Matthews presently is incarcerated at the Earnest C. Brooks Correctional Facility. Following a two-day jury trial in the Kent County Circuit Court, Petitioner was convicted of possession with intent to deliver less than 50 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iv). On May 11, 2015, the trial court sentenced Petitioner to a prison term of 6 to 50 years.

Petitioner appealed his conviction and sentence to the Michigan Court of Appeals, raising in the brief filed by counsel and in the pro per supplemental brief the following issues, some of which were characterized as sub-issues: (1) ineffective assistance of counsel in failing to object to prior bad acts evidence; (2) improper denial of mistrial for impermissible reference to Petitioner being on parole; (3) improper scoring of Offense Variable (OV) 19; (4) impermissible mandatory sentencing findings under *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015); (5) prosecutorial misconduct in failing to produce endorsed res gestae witnesses and error in failing to give "missing witness" instruction; (6) insufficient evidence to support the conviction; (7) ineffective assistance of counsel in failing to acquire the discovery package, waiving the preliminary examination, and failing to object to the prosecutor's withholding of police reports and Petitioner's statement; (8) ineffective assistance of counsel in failing to object to the use of Petitioner's statement to police; and (9) the action should be remanded for resentencing because of misscoring of OV 19 and application of the mandatory sentencing guidelines. In a lengthy, unpublished opinion issued on September 13, 2016, the court of appeals affirmed Petitioner's

conviction, but remanded for further proceedings under *Lockridge*. (Mich. Ct. App., ECF No. 1-1, PageID.71-84.)

Petitioner filed an application for leave to appeal to the Michigan Supreme Court, raising five issues, the first four of which directly correspond to his grounds for habeas relief:

I. DEFENSE TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE IN FAILING TO OBJECT TO THE PRIOR BAD ACTS EVIDENCE USED AT TRIAL AND THE ERROR SATISFIES THE PLAIN ERROR DOCTRINE.

II. THE DANGER OF UNDUE PREJUDICE SUBSTANTIALLY OUTWEIGHED ANY PROBATIVE VALUE IN TELLING THE JURY THAT DEFENDANT WAS ON PAROLE, MRE 403. A MISTRIAL SHOULD HAVE BEEN GRANTED.

III. THE PROSECUTOR COMMITTED MISCONDUCT AND DENIED DEFENDANT A FAIR TRIAL BY VIOLATING HIS DUTY TO PRODUCE ENDORSED RES GESTAE WITNESSES, AND THE TRIAL [COURT] REVERSIBLY ERRED BY REFUSING TO GIVE A MISSING WITNESS INSTRUCTION.

IV. THE PROSECUTION SUBMITTED INSUFFICIENT EVIDENCE TO CONVICT APPELLANT OF POSSESSION WITH THE INTENT TO DELIVER UNDER 50 GRAMS OF COCAINE AND THAT CONVICTION VIOLATED HIS STATE AND FEDERAL CONSTITUTION[AL] RIGHT TO BE FREE OF CONVICTION IN THE ABSENCE OF PROOF BEYOND A REASONABLE DOUBT THAT THE SUBSTANCE HAS NEVER BEEN TESTED OR PROVEN TO BE COCAINE.

V. DEFENSE COUNSEL WAS INEFFECTIVE WHERE HE FAILED TO ACQUIRE THE DISCOVERY PACKAGE WAIVING DEFENDANT'S PRELIMINARY EXAMINATION AND DID NOT OBJECT TO THE PROSECUTION WITHHOLDING THE POLICE REPORTS OF DEFENDANT'S STATEMENT.

(Appl. for Leave to Appeal, ECF No. 1-1, PageID.104-108.) In addition, Petitioner filed a motion to amend his application in the Michigan Supreme Court. (Mot. to Amend, ECF No. 1-1,

PageID.114-120.) In that motion, Petitioner reiterated a variety of previously raised arguments and raised for the first time a new claim, paraphrased as follows:

> VI. DEFENDANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO RETAIN COUNSEL OF HIS CHOICE.

(*Id.*, PageID.114-117.) In an order issued on September 13, 2016, the Michigan Supreme Court granted the motion to amend but denied the application for leave to appeal.

Petitioner filed a petition for certiorari to the United States Supreme Court. The Supreme Court denied certiorari on April 4, 2017.

Petitioner filed his habeas application in this Court on or about March 26, 2018.[1] In his habeas application, Petitioner raises the first four grounds presented in his application for leave to appeal to the Michigan Supreme Court. He also raises a fifth ground, which combines the fifth ground presented in his application to the Michigan Supreme Court, together with the sixth ground presented in the motion to amend.

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on March 26, 2018, and it was received by the Court on March 29, 2018. Thus, it must have been handed to prison officials for mailing at some time between those dates. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006))

U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). According to Petitioner's application and attachments, Petitioner raised his first four and part of his fifth habeas grounds in both the Michigan Court of Appeals and the Michigan Supreme Court. However, he raised the second part of his fifth ground for relief – that he was denied counsel of his choice – for the first time in his application for leave to appeal to the Michigan Supreme Court. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit repeatedly has recognized that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011); *Thompson v. Bell*, 580 F.3d 423, 438 (6th Cir. 2009); *Warlick v. Romanowski*, 367 F. App'x 634, 643 (6th Cir. 2010);

*Granger v. Hurt*, 215 F. App'x 485, 491 (6th Cir. 2007); *Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (6th Cir. Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and, thus, the issue was not reviewed.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Kent County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often

6

effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. After the Michigan Supreme Court denied his application for leave to appeal, Petitioner filed a petition for certiorari in the United States Supreme Court. The Supreme Court denied his petition for certiorari on April 4, 2017. Accordingly, absent tolling, Petitioner had one year, until April 4, 2018, in which to file his habeas petition. Petitioner filed the instant petition on March 26, 2018, nine days before expiration of the limitations period, and the period of limitations has since expired.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-

court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[2] In the instant case, because the statute of limitations has now expired, Petitioner would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

---

[2] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

8

Consequently, if Petitioner wishes to pursue his unexhausted claims in the state courts, he must show cause within 28 days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will review only his exhausted claims. In the alternative, Petitioner may file an amended petition setting forth only his exhausted claims.

An Order consistent with this Opinion will be entered.

Dated: April 12, 2018 /s/ Janet T. Neff
Janet T. Neff
United States District Judge